**Scott D. PERRY; Karleen G. Perry, Plaintiffs—Appellants,**

v.

**NATIONAL QUALITY INSPECTIONS, INC., 2701 Northwest Baughn, Suite 473, Portland, OR 97210, a foreign corporation, Defendant—Appellee.**

No. 02–35557.

D.C. No. CV–00–00143–SEH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2003.

Decided Oct. 2, 2003.

Before HAWKINS, McKEOWN, and BERZON, Circuit Judges.

MEMORANDUM*

Perry appeals the district court's granting of summary judgment for defendant National Quality Inspectors ("NQI"). We have jurisdiction under 28 U.S.C. § 1291. We review a district court's decision to grant summary judgment de novo. *See Playboy Enter. v. Welles,* 279 F.3d 796, 800 (9th Cir.2002).

Perry was injured at work after he fell from the top of a rail car while trying to sample grain. The Worker's Compensa-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion Act generally provides the exclusive remedy for workers who are injured during the scope of their employment. M.C.A. § 39–71–411. The exclusive remedy rule has one exception. Under M.C.A. § 39–71–413, an employee may claim remedies in addition to those provided under the Worker's Compensation scheme if the employee's injuries were caused by the "intentional and malicious act or omission of a servant or employee or his employer." Thus, to fall within the exception to the exclusive remedy rule, Perry must offer evidence to demonstrate that NQI or its agents acted intentionally and with malice.

Perry asserts that NQI acted intentionally or with malice by assigning him to work (1) at a time and place where the weather created inherently dangerous conditions, (2) without providing him with adequate safety training and supervision, and (3) without providing protection from potential falls, as required by OSHA and NQI's own safety procedures. If true, these actions demonstrate at most a case of negligence, but they do not demonstrate either intent or malice.

To satisfy the definition of malice adopted by the Montana Supreme Court, Perry must demonstrate that NQI or its agents had "knowledge of facts or intentionally disregarded facts that create a high probability of injury to the plaintiff and: (a) deliberately proceeded to act in a conscious or intentional disregard of the high probability of injury to the plaintiff, or (b) deliberately proceeded to act with indifference to the high probability of injury to the plaintiff." M.C.A. § 27–1–221(2); *Sherner v. Conoco, Inc.*, 298 Mont. 401, 412, 995 P.2d 990 (2000) (adopting the definition of "actual malice" set forth in

M.C.A. § 27–1–221(2) in interpreting M.C.A. § 39–71–413).

The malice standard requires more than a showing that the job in question involves a risk of injury. The employee must demonstrate that the employer disregarded facts that create a high probability of injury. The record does not support such a claim.

**AFFIRMED.**